IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02395-RBJ

MBAREK ABAKCHOU,

        Petitioner,

v.


MARKWAYNE MULLIN, JUAN BALTAZAR,
GEORGE VALDEZ,[1] TODD M. LYONS,
TODD BLANCHE,
in their official capacities,

        Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Mbarek Abakchou's (petitioner) "Petition for a Writ of Habeas Corpus" (Petition), ECF No. 1. Among other relief, petitioner requests that the Court enjoin respondents from transferring him out of the District of Colorado or removing him from the United States during the pendency of this action. *See* ECF No. 1 at 18.

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez has been automatically substituted in his official capacity as acting Director of the Denver ICE Field Office.

1

pendency of these proceedings.  The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner, a citizen of Morocco, is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado and has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since on or about December 21, 2024.  ECF No. 1 at 4 (¶¶ 10-12).  He asserts that his detention violates the Due Process Clause because he has been repeatedly denied a qualified interpreter. Petitioner speaks Western Saharan Hassaniya, an extremely rare language, which has led to numerous court appearances and hearings without a qualified interpreter. The dearth of Western Saharan interpreters has caused significant delays to petitioner's immigration proceedings and restricts his ability to provide the immigration court with accurate and pertinent information relating to his asylum application.

Petitioner requests that this Court order his release forthwith.  *Id.* at 18 (¶ 5). This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen detained within the judicial district.  *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (listing cases).  Though the facts of Mr. Abakchou's detention deviate from other petitioners requesting habeas relief, the Court will order similar preliminary relief here.  *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7;

*Vences Nuñez v. Noem, et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Motion only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects expedited nature of habeas proceedings and the urgency of a particular petitioner alleging unlawful detention, especially considering the unique challenges in finding an adequate and qualified interpreter. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Tuesday, June 9, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-

3

day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: June 8, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge